UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JENNIFER SHAW, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) 23 C 16070 ) |
| NAVISTAR, INC., | ) ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**CHARLES P. KOCORAS, District Judge:**

Before the Court is Defendant Navistar, Inc.'s Motion to Dismiss Plaintiff Jennifer Shaw's First Amended Collective Action Complaint. For the following reasons, the motion is granted-in-part and denied-in-part.

**BACKGROUND**

The following facts come from the first amended complaint and are presumed true for purposes of this motion. All reasonable inferences are drawn in Shaw's favor.

Between October 2016 and September 2023, Defendant Navistar, Inc. ("Navistar") employed Shaw as an hourly nonexempt material handler at its Springfield, Ohio plant, which manufactures trucks, buses, engines, etc. Shaw alleges Navistar made automatic thirty-minute deductions for meal breaks from her pay regardless of whether she was permitted to take a full thirty-minute meal break and

regardless of whether she was completely relieved of duty for those thirty minutes. Shaw further alleges she was required to wear a uniform and certain personal protective equipment ("PPE"), including safety glasses, safety vests, steel toe shoes, and cut gloves. She claims she was not paid for time spent changing into and out of (often called "donning and doffing") her PPE. Shaw also alleges her non-discretionary "shift differential" bonuses were not included in her regular rate of pay when computing overtime pay.

Shaw brings a single claim under the Fair Labor Standards Act ("FLSA"), alleging Navistar violated 29 U.S.C. §§ 206 and 207(a) by failing to pay Shaw one-and-a-half times her regular rate of pay for hours worked over forty hours a week.

Navistar moves to dismiss Shaw's FLSA claim, arguing (1) Shaw does not plead that she worked through a meal break or worked any shift for which she received a shift differential or bonus; (2) the items Shaw pleads she was not compensated for time spent donning and doffing are classified as "generic safety gear" for which time spent donning and doffing is excluded from compensable time by Section 203(o); and (3) any time spent donning and doffing those items is *de minimus* and non-compensable. Navistar also contends Shaw's collective action allegations should be stricken or dismissed because she failed to plead a common policy or practice across Navistar's other plants.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim challenges the sufficiency of the complaint, not the merits of the case. *See* Fed. R. Civ. P. 12(b)(6); *Gibson v. City of*

2

*Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In considering a motion to dismiss, the Court must accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in the plaintiff's favor. *See AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011). To survive, the complaint must give the defendant fair notice of the basis for the claim, and it must be facially plausible. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "While a plaintiff need not plead 'detailed factual allegations' to survive a motion to dismiss," she still must provide "more than mere 'labels and conclusions or a formulaic recitation of the elements of a cause of action' for her complaint to be considered adequate[.]" *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678).

## DISCUSSION

Under the FLSA, employees—unless they are subject to an exemption—are entitled to receive overtime pay at a rate of 1-1/2 times their hourly rate for all hours worked above the standard forty-hour workweek. 29 U.S.C. §§ 207, 213. In the FLSA context, a "claim for overtime wages is plausible if the plaintiff's factual allegations support a reasonable inference that there was at least one workweek in which he worked more than forty hours and did not receive overtime pay." *Frisby v. Sky Chefs, Inc.*, 2020 WL 4437805, at *5 (N.D. Ill. 2020) (citing *Hirst v. Skywest, Inc.,* 910 F.3d 961,

966 (7th Cir. 2018)). Plaintiffs need not "plead specific dates and times that they worked undercompensated hours," but still must "provide some factual context that will nudge their claim from conceivable to plausible" and "allege facts demonstrating there was *at least one* workweek in which they worked in excess of forty hours and were not paid overtime wages." *Hirst*, 910 F.3d at 966 (first quoting *Hall v. DIRECTV, LLC*, 846 F.3d 757, 777 (4th Cir. 2017); then quoting *Landers v. Quality Comm., Inc.*, 771 F.3d 638, 646 (9th Cir. 2014)).

## I. Meal Breaks and Shift Differential Allegations

Here, Shaw alleges that she "routinely worked in excess of forty hours in a given workweek." Dkt. # 13, ¶ 24. With respect to meal breaks, Shaw alleges (1) she was subject to Navistar's Meal Policy, under which Navistar automatically deducted a thirty-minute meal break for each shift worked regardless of whether she was permitted to take a meal break, and (2) her job demands "routinely foreclosed [her] ability to take any meal break, prohibited [her] from taking a full thirty-minute meal break, or prohibited [her] from being completely relieved from duty for thirty [] minutes." *Id.* ¶ 29.

As for the shift differential allegations, Shaw alleges she was paid various shift differentials, which are "bonus or premium pay offered during shifts which may be less desirable to employees or in particularly high demand for Navistar." *Id.* ¶¶ 40, 79. Shaw claims the bonuses were non-discretionary and were promised to Shaw in exchange for achieving predetermined performance metrics. Thus, these non-

4

discretionary bonuses needed to be included in Shaw's regular rates of pay to compute the proper overtime rate and overtime wages owed. They were not.

Navistar complains Shaw does not identify even a single instance when she worked over forty hours in a workweek and Navistar failed to properly pay overtime; however, Shaw asserts that because her employment with Navistar ended in September 2023, she no longer has access to the wage statements that contain the information Navistar demands from her pleading.

While Shaw could have been more specific in her pleading[1], her allegations are sufficient to put Navistar on notice as to the circumstances of her FLSA claim as it relates to the meal breaks. *See Dobrov v. Hi-Tech Paintless Dent Repair, Inc.*, 2021 WL 1212796, at *4 (N.D. Ill. 2021) ("Ultimately the issue boils down to notice. . . . Dobrov provided the limited timeframe for his employment (six years) and a frequency of the alleged over-time incidents ('routinely') that readily puts the Defendants on sufficient notice to investigate the claims."); *Eduarte v. Sliccily Pizza Pub., Inc.*, 2019 WL 2772528, at *3 (N.D. Ill. 2019) (holding that the plaintiff need not allege more than the months he worked and that he was "routinely" required to work overtime without overtime pay). The allegations that Shaw was paid non-discretionary bonuses which were not included in calculating overtime pay are sufficient to put

---

[1] Given that the Court is granting Shaw leave to file a second amended complaint, Shaw should take the opportunity to beef up her meal break and shift differential claims.

Navistar on notice as to the circumstances of her FLSA claim as it relates to the shift differentials.

## II. Donning and Doffing Allegations

Navistar next argues Shaw's donning-and-doffing claim involving uniforms and PPE fails as a matter of law because (1) such activities are preliminary activities not integral and indispensable to Shaw's employment; (2) the activities are excludable under 29 U.S.C. § 203(o); and (3) any such time is also not compensable under the *de minimis* rule.

Under the FLSA as modified by the Portal-to-Portal Act[2], employers are not required to pay employees for travel time or for "activities which are preliminary or postliminary to . . . principal [job] activity or activities." 29 U.S.C. § 254(a)(2). In *Integrity Staffing*, the Supreme Court reaffirmed the standard that "principal activity or activities" encompasses "all activities which are an integral and indispensable part of the principal activities." *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 33 (2014) (quoting *IBP, Inc. v. Alvarez*, 546 U.S. 21, 29–30 (2005) (internal quotations omitted)). The Court further explained that "an activity is integral and indispensable to the principal activities that an employee is employed to perform if it is an intrinsic element

---

[2] As originally enacted, the FLSA did not define "work," necessitating a fix from Congress in the form of the Portal-to-Portal Act, after the Supreme Court in *Tenn. Coal, Iron & R. Co. v. Muscoda Local No. 123*, 321 U.S. 590 (1944), provided an expansive interpretation to the term "work." *See* 29 U.S.C. § 251 (findings of Congress justifying passage of the Act, declaring it necessary "to meet the existing emergency and to correct existing evils"); *Integrity Staffing Sols., Inc. v. Busk*, 574 U.S. 27, 31–32 (2014) (detailing the legislative history).

of those activities and one with which the employee cannot dispense if he is to perform his principal activities." *Id.* at 34. In other words, the integral-and-indispensable test for determining compensability of preliminary and postliminary activities "is tied to the productive work that the employee is *employed to perform*." *Id.* at 36 (emphasis in original). The integral-and-indispensable "inquiry is fact-intensive and not amenable to bright-line rules." *Llorca v. Sheriff*, 893 F.3d 1319, 1324 (11th Cir. 2018).[3]

Shaw alleges that she and the collective members were not paid for time spent changing into and out of their uniforms and PPE, which included safety glasses, safety vests, steel toed shoes, and cut gloves. Shaw says she was employed as a "material handler," although the amended complaint gives no insight as to what such a job entails. Shaw does allege that Navistar (and the Occupational Safety and Health Administration ("OSHA")) required her to wear a uniform and PPE at all times when she was on the shop floor,[4] and that such gear was necessary to perform her work.

However, the fact that Navistar requires the use of PPE does not automatically mean that donning and doffing such gear is integral and indispensable to Shaw's principal activities (which remain a mystery). And even if the PPE is arguably

---

[3] In the Third Circuit, "[t]he test is whether changing is integral and indispensable to our productive work. We can find out whether the gear is integral by looking at where we change, whether regulations or industry custom require changing into gear at work, and how specialized the gear is. And whether the gear is indispensable depends on whether it is reasonably necessary for doing the work safely and well." *Tyger v. Precision Drilling Corp.*, 78 F.4th 587, 595 (3d Cir. 2023).

[4] Navistar says that there is no uniform requirement at the Springfield plant, and employees do not wear uniforms. Dkt. # 15, at 13 n.5. However, at this stage, we must accept Shaw's allegations as true.

7

"indispensable," it does not always follow that it is "integral." *See Llorca*, 893 F.3d at 1324–25 (collecting cases); *Pirant v. United States Postal Serv.*, 542 F.3d 202, 208–09 (7th Cir. 2008) (holding that a postal worker's time spent putting on and removing her gloves, shoes, and work shirt was not compensable under the FLSA).

In the Court's view, Shaw's conclusory "integral and indispensable" and donning-and-doffing allegations don't cut it. Even under the liberal federal notice pleading standards, more information is required to nudge Shaw's claims across the line from conceivable to plausible. Shaw's donning-and-doffing claim is therefore dismissed without prejudice and with leave to amend.[5]

It is also worth noting that, even accepting as true that Shaw was required to wear the PPE referenced in the complaint in order to do her job, there is nothing in the complaint that suggests Shaw was required to change into this gear *at work*. There is nothing extensive or unique about the required safety equipment she describes; these are all items that can be changed into at home. The Department of Labor ("DOL") has maintained that it is its "longstanding position" that even when employees don and doff employer-mandated gear at their workplace, such a wardrobe change is not compensable if employees have the option of dressing at home. U.S. DOL Wage & Hour Advisory Memo No. 2006-2 (May 31, 2006) (citing U.S. DOL Field Operations Handbook, Section 31b13 (dressing at home is not compensable)). *See also Reich v.*

---

[5] Given the dismissal on this basis, we leave for another day Navistar's arguments about Section 203(o).

*IBP, Inc.*, 38 F.3d 1123, 1126 n.1 (10th Cir. 1994) ("Requiring employees to show up at their workstations with such standard [safety] equipment is no different from having a baseball player show up in uniform, a businessperson with a suit and tie, or a judge with a robe. It is simply a prerequisite for the job, and is purely preliminary in nature.").

Additionally, there is also a *de minimis* exception to compensable worktime, and Navistar makes a strong argument that the exception applies in this case based on the allegations in the amended complaint—though discovery is needed to say for sure. *See Kellar v. Summit Seating, Inc.*, 664 F.3d 169, 176 (7th Cir. 2011) (it is the employer's burden to establish the exception applies). Where an activity "concerns only a few seconds or minutes of work beyond the scheduled working hours, such trifles may be disregarded." *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 692 (1946). The FLSA thus compensates workers only for having to "give up a substantial measure of his time and effort." *Id.* When evaluating whether work performed by an employee is *de minimis*, courts consider the amount of time spent on the extra work, the practical administrative difficulties of recording additional time, the regularity with which the additional work is performed, and the aggregate amount of compensable time. *Kellar*, 664 F.3d at 176. "[J]ust like the integral-and-indispensable inquiry, the *de minimis* doctrine is fact-specific, requiring 'definite findings.'" *Tyger*, 78 F.4th at 594 (quoting *Anderson*, 328 U.S. at 692–93).

### III. Collective Action Allegations

Finally, Navistar argues that Shaw's "bare and conclusory" collective allegations should be either stricken or dismissed "because Shaw fails to adequately allege a common policy or practice applicable to any of Navistar's other workplaces or plants where Shaw did not work." Dkt. # 15, at 19.

"As a general rule, whether a suit can be maintained as a class or collective action is determined not on a Rule 12(b)(6) motion, but on a motion to certify a class action under Rule 23 or a motion to certify a collective action under 29 U.S.C. § 216(b)." *Dominguez v. Micro Ctr. Sales Corp.*, 2012 WL 1719793, at *2 (N.D. Ill. 2012); *see also Nava v. Barton Staffing Sols., Inc.*, 2016 WL 3708684, at *3 (N.D. Ill. 2016) ("Issues related to the viability of a collective action, including potential differences among class members, are appropriate for the certification stage."); *Howell v. Rush Copley Med. Grp. NFP*, 2012 WL 832830, at *2–3 (N.D. Ill. 2012) ("Though a court must determine 'as soon as practicable' whether a suit is to be maintained as a class action, that determination is generally made after discovery has been conducted, not on a motion to dismiss."). An exception to the general rule applies where the complaint reveals fatal deficiencies with class or collective action claims that warrant their dismissal at the pleading stage. *See Wright v. Family Dollar, Inc.*, 2010 WL 4962838, at *1 (N.D. Ill. 2010).

Here, Shaw has alleged Navistar has a policy of miscalculating the overtime rate it pays to its employees, auto-deducting time for meal breaks that were not taken, and

failing to pay for time donning and doffing protective equipment. As a result of these policies, Plaintiff and the other non-exempt Navistar employees were not properly paid overtime. This is sufficient, for now. *See Dominguez*, 2012 WL 1719793, at *2 (allegations that plaintiff and colleagues regularly worked over forty hours per week were sufficient to plead collective action); *Sanchez v. Haltz Constr., Inc.*, 2012 WL 13514, at *4 (N.D. Ill. 2012) (allowing collective action allegations to proceed where complaint alleged that other individuals were not paid for the work they performed on a project).

That said, however, there is a caveat. The Court agrees that the amended complaint lacks allegations about other plant locations; Shaw's experience is not probative of policies and practices at other Navistar plants. Although Shaw claims in her response brief that Navistar's policies exist "nationwide," the amended complaint is devoid of facts that would allow Shaw to plausibly allege the existence of a nationwide policy. Accordingly, the Court strikes Shaw's collective allegations with respect to Navistar facilities in which Shaw did not work. If Shaw genuinely believes she can remedy this defect, she may attempt to do so in her second amended complaint.

## CONCLUSION

For the foregoing reasons, Navistar's motion to dismiss [15] is granted in part and denied in part. Shaw is granted leave to file a second amended complaint by 9/4/2024. A joint status report is due by 9/11/2024.

It is so ordered.

Charles P. Kocoras
United States District Judge

DATE: August 13, 2024